IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE BAILEY,                                )
                                               )
                                               )
          Plaintiff,                           )
                                               )
     vs.                                       )   Civil Action 19-1305
                                               )
JOHN WETZEL, Secretary of the                  )
Pennsylvania Department of Corrections, *et*   )
*al.*,                                         )
                                               )
                                               )
          Defendants.                          )

## MEMORANDUM ORDER

Pending before the Court are Plaintiff Maurice Bailey's motions to add Tracy Shawley and

Rhonda House as defendants in this action in order to bring a new claim against them for allegedly

failing to preserve evidence that he sought in discovery in this civil action. (ECF Nos. 46, 51). The

Court denies Plaintiff's motion for the reasons set forth below.

## I.

Plaintiff, who is *pro se*, commenced this civil action on or around October 11, 2019 when

he filed a motion for leave to proceed *in form pauperis*. (ECF No. 1).[1] In the Complaint (ECF No.

4), he brings claims under 42 U.S.C. § 1983 against employees of the Pennsylvania Department

of Corrections ("DOC") related to the resentencing hearing held in his state criminal case on

October 23, 2017. That resentencing hearing was held in accordance with *Miller v. Alabama*, 567

U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] According to the

---

[1] Plaintiff's motion for leave to proceed *in form pauperis* was denied without prejudice because it did not comply with the requirements of 28 U.S.C. § 1915(a)(2). (ECF No. 2). He subsequently paid the $400.00 filing fee. (ECF No. 3).

[2] In 2012, the Supreme Court held in *Miller* that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition *Footnote continued on next page…*

Complaint, Defendant Michael Glenn testified at the hearing about Plaintiff's involvement in an incident that occurred on April 22, 2012 when Plaintiff was housed at SCI Pittsburgh. At the conclusion of the hearing, the state court resentenced Plaintiff to a minimum term of imprisonment of 35 years, not the 25-year minimum term that Plaintiff was seeking.

The Complaint attributes the imposition of the longer sentence to Defendant Glenn's testimony about the April 22, 2012 incident and the DOC's classification of Plaintiff as a member of a Security Threat Group ("STG"), the Nation of Islam. (ECF No. 4, ¶¶ 19-29). The Complaint alleges that: (1) Defendant Glenn libeled, slandered, and defamed Plaintiff in violation the First, Sixth, Eighth, and Fourteenth Amendments; (2) Defendant John Wetzel, who is the Secretary of the DOC, authorized documents that violated Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (3) Defendant Capozza, who is the Superintendent of SCI Fayette (where Plaintiff is currently housed), authorized officials to classify inmates of Plaintiff's religion as members of the STG in violation of the First and Fourteenth Amendments and RLUIPA; and, (4) Defendants Tammy Cesarino-Martin, John Rivello, and Marc Skobel signed documents classifying Plaintiff as a member of the STG in violation of his First, Sixth, Eighth and Fourteenth Amendment rights. (ECF No. 4, ¶¶ 33-39).

Defendants filed their Answer (ECF No. 17), and the parties conducted discovery. Plaintiff sought production of reports and other prison records pertaining to the April 22, 2012 incident, as well as video footage or still shots of it. In their response (ECF No. 39) to his discovery requests,

---

on cruel and unusual punishments. In 2016, the Supreme Court held in *Montgomery* that *Miller* announced a substantive rule of constitutional law that applies retroactively to cases on collateral review. Petitioner was one of many state prisoners who had to be resentenced in light of *Miller* and *Montgomery*.

Defendants stated that they could not produce some of the requested documents. In support, they attached an affidavit executed by Tracy Shawley (ECF No. 39-2), who is employed by the DOC and is familiar with its record retention policies. Ms. Shawley averred that Extraordinary Occurrence Reports, Confiscated Items Receipts, and other investigatory reports pertaining to the April 22, 2012 incident sought by Plaintiff were disposed of prior to his initiation of this lawsuit in October 2019 in accordance with the DOC's record retention polices. Defendants also attached to their discovery response an affidavit executed by Rhonda House (ECF No. 39-1), who is Defendant Capozza's assistant at SCI Fayette and, as such, has access to Plaintiff's inmate files. She averred that the DOC does not possess video footage or still photographs of the April 22, 2012 incident.

In the motions now pending before the Court, Plaintiff seeks leave to amend the Complaint "in light of Defendants' response" to his discovery requests. (ECF No. 46 at p. 1; ECF No. 51 at p. 1). Specifically, Plaintiff wants to amend the Complaint to name Ms. Shawley and Ms. House as defendants and bring a new claim against them for allegedly failing to preserve evidence that he has sought in discovery in this civil action. Plaintiff maintains that, notwithstanding the DOC's record retention policies, Ms. Shawley and Ms. House each had an obligation to retain the information at issue because it was also relevant to his October 23, 2017 judgment of sentence, which did not become final until after Plaintiff initiated this civil action in October 2019.[3]

Defendants have filed a response in opposition of Plaintiff's motions. (ECF No. 54). They point out, among other things, that Ms. Shawley and Ms. House had no involvement in the allegations underlying Plaintiff's claims in the Complaint. Rather, Ms. Shawley's and Ms. House's

---

[3] According to Plaintiff, the Superior Court of Pennsylvania affirmed his judgment of sentence and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 23, 2019.

involvement in this matter was limited to assisting Defendants' counsel with responses to Plaintiff's multiple discovery requests and executing the affidavits attached to their discovery response.

## II.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to complaints. At this stage of the proceeding, Plaintiff may amend the Complaint only with Defendants' consent (which he does not have) or leave of Court. Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Despite this liberal standard, the Court should deny leave to amend on the ground that the proposed amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Additionally, any proposed amended complaint filed by Plaintiff must be screened pursuant to 28 U.S.C. § 1915A(a).[4] Under that provision of the PLRA, the Court may dismiss a complaint, or any portion of it, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.*, § 1915A(b)(1).

Here, Plaintiff in effect seeks leave to bring an independent spoliation claim against the two proposed defendants. The Court's research has identified no authority that allows for a freestanding spoliation cause of action under federal law and, to the extent that Plaintiff seeks to invoke the Court's supplemental jurisdiction, Pennsylvania does not recognize an independent tort for spoliation. *Paluch v. Sec'y Pennsylvania Dept. of Corr.*, 442 F. App'x 690, 694-95 (3d Cir.

---

[4] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), courts are required to screen complaints when, among other things, a prisoner seeks redress from an officer or employee of a governmental entity such as the DOC. 28 U.S.C. § 1915A.

2011); *Marinkovic v. Battaglia*, 2019 WL 4600207, \*12 (W.D. Pa. Sept. 23, 2019) (*citing, inter alia, Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011)); *Ball v. Beckley*, 2012 WL 3579583, \* 12 (M.D. Pa. July 13, 2012) (plaintiff's claim of spoliation, standing alone, did not state a claim upon which relief could be granted), report and recommendation adopted by, 2012 WL 3579614 (M.D. Pa. Aug. 17, 2012).

Accordingly, it would be futile to grant Plaintiff leave to amend the Complaint to add Ms. Shawley and Ms. House as defendants in this action. *Paluch*, 442 F. App'x at 694-95 (plaintiff's claim that a DOC official violated his rights by failing to preserve video footage of an assault failed to state a claim upon which relief can be granted). If Plaintiff believes that DOC employees improperly disposed of evidence he sought in discovery in this case, his recourse is to file a motion for spoliation sanctions. *See, e.g., Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

### III.

Based upon the forgoing, Plaintiff's motions to add Tracy Shawley and Rhonda House as defendants in this action are DENIED.

SO ORDERED this 14th day of September 2020

PATRICIA L. DODGE
United States Magistrate Judge